# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VICTOR BUSTOS,

    Defendant.

Case No. CR-S-2:08-CR-00349-KJD-PAL

**ORDER**

    Counsel for Defendant, Victor Bustos, filed the instant Motion for Mistrial (#103) which was heard on November 3, 2011, and denied sua sponte.

    The motion falsely accuses the Court of communicating, ex parte, with the jury, and of providing a partial read back of witness testimony.

I.  Facts

    During the course of deliberations, a member of the jury delivered to the Court Security Officer a handwritten note requesting a "transcript or Mike Esparza's testimony on Exhibit (Gov) 12." Mr. Esparza was a witnesses for the government.  The Court Security Officer, in accordance with protocol, delivered the note to chambers. The courtroom administrator initiated a conference

call with the Court and parties and the request was read into the record.  The Court indicated its intent to ask the jury if it could more specifically designate the testimony it was requesting.  Defense Counsel stated its request that a full transcript of the testimony be provided.  The Court informed the parties that a full transcript would involve delay of up to several days and that waiting for a transcript would be impossible. Defense Counsel reiterated its request for a transcript.  They did not request a read back. The Court determined to proceed as it had suggested.

After the call ended, the Court drafted a note to the jury.  The Court inquired if, without revealing their deliberations, the jury could be more specific about which portion of the testimony they were interested in.  Contrary to the assertions of Defense Counsel in its Motion, the Court did not communicate with the jury ex parte.  The Court did not read any testimony back to the jury.  The note simply said what the Court informed counsel it intended to say – it asked if the jury could be more specific.

Defense counsel asserts that after the call ended, they "attempted to call chambers back numerous times, but no one would answer." (Motion at 2.)   This is not accurate.  Counsel was actually calling the courtroom administrator and leaving voicemail messages on her telephone.  However, the courtroom administrator's office is in the clerk's office on the first floor of the courthouse. Chambers and the courtroom are on the sixth floor.  The courtroom administrator remained in the courtroom during this period and did not receive the calls.  Defense Counsel finally called the correct number for chambers and informed the clerk that Defense Counsel and their investigator were standing outside the courtroom.  The courtroom administrator went outside the courtroom to speak with Defense Counsel.  Defense Counsel requested that the courtroom be opened immediately so they could make a record. The government was not present at the time and the courtroom administrator informed Defense Counsel that they could make a record next time the parties were in conference.

Defense Counsel left the courthouse and promptly filed this Motion.  Soon thereafter, the jury sent out another note requesting the procedure in case it was unable to reach a unanimous verdict.

2

The Court asked the parties to come to the Courtroom to deal with the jury's question. While the Court heard argument on the Motion for Mistrial and discussed the jury note with the parties, another note was received to the effect that a verdict had been reached. However, when the jury was brought into court, the verdict form had not been completed and the Court was informed the jury was hopelessly deadlocked.

II.  Discussion

Jury messages should be "answered in open court and ... petitioner's counsel should [be] given an opportunity to be heard before the trial judge respond[s]." U.S. v. Barragan-Devis, 133 F.3d 1287, 1289 (9th Cir. 1998) citing Rogers v. United States, 422 U.S. 35, 39, 95 S.Ct. 2091, 2095, 45 L.Ed.2d 1 (1975). "[E]x parte communications from the judge to the jury violate a defendant's right to due process of law." United States v. Franzin, 780 F.2d 1461, 1469 (9th Cir. 1986).

The Court provided an opportunity for Defense Counsel to be heard in open court prior to responding to the jury's note. The Court indicated its intent to send the jury a note asking it to be more specific, Defense Counsel lodged its request for a full transcript of the testimony, and the Court sent a note to the jury asking it to be more specific. At no time did the Court communicate with the jurors ex parte. Accordingly, there was no due process violation.

Defense Counsel also moves for a mistrial arguing that the Court "abused its discretion by permitting a selective read back of Michael Esparza's testimony." (Motion at 3.) Defendant cites United States v. Richard, 504 F.3d 1109, 1113 (9th Cir. 2007) where Ninth Circuit found that " the district court committed clear error, and thereby abused its discretion, when it permitted the jury to rehear a portion of [a prosecution witness's] testimony without taking any additional precautions..." Id. This argument has no application here because the Court never permitted the jury to rehear any testimony.[1] Accordingly, the Court did not abuse its discretion.

---

[1] Richard is also easily distinguished on the facts. The jury here indicated interest in a select portion of the witnesses' testimony, not all of it. The Bustos jury heard from numerous other witnesses concerning the same exhibit. Esparsa was not the only witness who testified concerning an essential element of the government's case as occurred in Richard.

III.  Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion for Mistrial (#103) is **DENIED**.

DATED this 9th day of November 2011.

_____
Kent J. Dawson
United States District Judge